IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OLUFEMI SHARP,

          Plaintiff,

v.                                                      Case No. 24-2265-JWB

URBN US RETAIL, LLC,
D/B/A ANTHROPOLOGIE, *et al.*,

          Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion for partial dismissal of Plaintiff's complaint. (Doc. 7.) The motion is fully briefed and ripe for decision. (Docs. 8, 11, 12.) The motion is GRANTED for the reasons stated herein.

## I. Facts[1]

Plaintiff is African American and has brown skin. Defendants are URBN US Retail, LLC, Urban Outfitters Inc., and Anthropologie, Inc. Defendants are clothing stores where Plaintiff liked to shop. Defendants have an annual end of year sale, which Plaintiff very much enjoys and looks forward to each year.

Plaintiff alleges that on November 23, 2022, she shopped at Defendants' store located at 5024 W. 119th Street, Leawood, KS 66209. When Plaintiff entered the store and started browsing, an employee allegedly approached her repeatedly to ask if she needed assistance. Additionally, Plaintiff claims that she was followed, monitored, and watched. Plaintiff argues caucasian customers were not treated in this manner.

---

[1] The facts asserted are from Plaintiff's complaint unless otherwise indicated.

1

When shopping on September 23, Plaintiff asked a sales associate if she could use the restroom. The associate allegedly told her that the store did not have any restroom facilities. She asked again and received the same response. This was problematic for Plaintiff because she has a kidney condition that requires her to use the restroom frequently.

While trying clothes on in the dressing room, Plaintiff claims to have overheard a customer ask to use the restroom. The sales associate informed the customer that she could, and then escorted her to the restroom. Plaintiff looked out from the dressing room and asserts that the woman being escorted to the restroom was a caucasian customer.

Plaintiff then purportedly approached the manager of the store and informed her of what occurred. She claims to have told the manager that she has a kidney issue but was not permitted to use the restroom. She asserts that the manager vaguely responded that it was not their policy—the manager did not identify the policy she referenced. After this interaction, Plaintiff left the store without purchasing anything.

Thereafter, she went to a different Anthropologie store to shop the annual sale. When she arrived at the second store, she experienced a panic attack because of allegedly not being shown the restroom at the first store. Nonetheless, Plaintiff still participated in the sale—albeit hurriedly—when she purchased a pair of pants at the second store. She asserts that she did not enjoy her shopping experience and felt terrible afterward.

Plaintiff argues that Defendants engaged in racially discriminatory conduct that affected her economic activity and interfered with their contractual relationship. She brings two claims against Defendants: (1) a Civil Rights Act claim under 42 U.S.C. § 1981(b) that is based upon Defendants' alleged interference with Plaintiff's ability to form a contractual relationship with them, and (2) a violation of the Kansas Act Against Discrimination (K.S.A. § 44-1001) predicated

2

upon Defendants' discriminatory conduct towards Plaintiff. Subject matter jurisdiction for the federal claim is premised on 28 U.S.C. § 1331 (i.e., federal question jurisdiction), and the court has subject matter jurisdiction over the Kansas Act Against Discrimination claim because of supplemental jurisdiction under 28 U.S.C. § 1367(a).[2] Pursuant to rule Fed. R. Civ. P 12(b)(6), Defendants filed a motion to dismiss Plaintiff's § 1981(b) claim. (Doc. 8 at 1.)

## II. Standard

A complaint must contain enough facts to state a claim of relief that is plausible on its face to withstand a Rule 12(b)(6) motion to dismiss. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). At the motion-to-dismiss stage, a reviewing judge accepts all well-pleaded allegations in the complaint as true. *Albers v. Bd. Of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014). The reviewing judge also views all well-pleaded facts and the reasonable inferences derived therefrom in the light most favorable to Plaintiffs. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Rule 12(b)(6) "does not require that Plaintiff establish a prima facie case in [its] complaint, but rather requires only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171–72 (10th Cir. 2015) (internal citations omitted). In the end, the issue is not whether Plaintiffs will ultimately prevail, but whether Plaintiffs are entitled to offer evidence to support their claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

---

[2] Plaintiff fails to plead that the court has supplemental jurisdiction over her state law claim. However, because the court has original jurisdiction over her federal claim, it has supplemental jurisdiction over her state law claim because they arise from the same case and controversy. *See* 28 U.S.C. § 1367(a).

**III.   Analysis**

Section 1981 protects the right to make and enforce contracts.  *See Shawl v. Dillard's Inc.*, 17 F. App'x 908, 910 (10th Cir. 2001).  Section 1981(b) discrimination claims commonly involve employment contracts.  *See id.* at 910–11.  Nonetheless, § 1981(b) protections also apply to retail transactions.  *See id.* at 911.  The elements of a § 1981(b) retail transaction claim are the following: "(1) [the plaintiff is] a member[] of a protected class; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination interfered with a protected activity as defined in § 1981."  *Id.*  One of the protected activities is the making and enforcing of retail contracts.  To satisfy the third element for a retail transaction, the Tenth Circuit requires an "actual loss of a contract."  *See id.* (citing *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1267 (10th Cir. 1989)).  And a plaintiff demonstrates the actual loss of a contract by showing the court she "was actually prevented from making a purchase."  *Myles v. Walmart, Inc.*, No. 22-4069-DDC-ADM, 2023 WL 5334647, at *4 (D. Kan. Aug. 18, 2023) (quoting *Chambers v. Simon Prop. Grp., L.P.*, No. 12-1179-EFM, 2013 WL 1947422, at *3 (D. Kan. May 10, 2013)).

For example, in *Myles*, Walmart employees called the police to investigate the plaintiffs for potential theft.  *See id.* at *9.  However, the plaintiffs were able to complete the transaction with Walmart, such that the contractual relationship between the parties had concluded prior to the police interacting with the plaintiffs outside of the store.  *See id.*  There was no forceful removal of the plaintiffs from Walmart prior to their purchase of groceries, so they were never prevented from completing the transaction.  Apropos to the matter before the court, in *Shawl*, a sales associate was rude to the plaintiff, so she decided to voluntarily terminate the contractual relationship that

was forming. 17 F. App'x at 912. Because the plaintiff believed that the sales associate would receive a commission for the sale, she attempted to put the sandals she wanted to purchase on hold. *See id.* However, the sandals were on sale, and store policy did not permit the holding of sale items. *See id.* Upon learning this, the plaintiff had to decide to either purchase the sandals from the rude associate or not. She decided not to purchase them. *See id.* The facts do not suggest that the sales associate ever prohibited her from making the purchase. *See id.* at 911–12. Hence, but for the plaintiff's voluntary actions, she would have been able to complete the purchase despite the rude sales associate. In summary, the case law suggests that there needs to be active prevention of a contract to sustain a § 1981(b) claim in the context of retail transactions.

Defendants argue that Plaintiff has not stated a plausible claim under § 1981's contract clause because she was not prevented from entering into a contract with Defendants. (Doc. 8 at 6–7.) By contrast, Plaintiff argues that she endured contract losses because of Defendants' alleged discriminatory conduct by not showing Plaintiff the restroom. (Doc. 11 at 4–5.) The initial loss occurred when she left the first Anthropologie store without purchasing anything because of the restroom incident. (*Id.* at 4.) The other loss occurred at the second Anthropologie store. She claims to have suffered a panic attack—caused by the bathroom incident at the first store—which then forced her to shop quickly and purchase a single pair of jeans. (*See id.*) Plaintiff allegedly has not returned to an Anthropologie store since November 23, 2023; accordingly, she purports to have lost many contracts. (*Id.* at 5.)

Plaintiff has not demonstrated that Defendants prevented her from purchasing clothes and other items at Anthropologie. Based on the facts asserted, the first Anthropology store did not prevent Plaintiff from making a purchase by refusing to consummate the sale or escorting her from the store before she could make a purchase, which the court in *Myles* suggested are the tactics that

prevent contract formation. Rather, she voluntarily left the first store like the plaintiff in *Shawl*. Moreover, Plaintiff admits in her complaint that she was able to complete a purchase (and contract) with one of Defendants' other Anthropologie stores. (Doc. 3 at 5.). It may have been difficult for Plaintiff to enter, shop, and make a purchase at the store, but she still purchased a pair of jeans. Thus, Plaintiff has not pleaded facts that indicate Defendants actively prevented her from shopping at Anthropologie or completing a purchase.

Alternatively, Plaintiff argues that § 1981(b) was amended in 1991 to protect the making of a contract as well as the enjoyment of the benefits, privileges, and terms of the contract. (Doc. 11 at 4) (citing Civil Rights Act of 1991, Pub. L. No. 102–166, § 101, 105 Stat. 1071 (1991).) She argues that the contracts clause was amended immediately following a Tenth Circuit case wherein the court articulated that § 1981(b) protects four interests, one of which being the "right to make and enforce contracts." (Doc. 11 at 3) (citing *Phelps*, 886 F.2d at 1267.) Accordingly, Plaintiff asserts that § 1981(b) no longer just protects the making and enforcing of a contract but also protects the enjoyment of and benefits, privileges, and terms of the contract. (Doc. 11 at 4.)

The courts finds this argument unpersuasive. Plaintiff is correct that the contracts clause currently states: "For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). But this language was in effect in 2001 when the Tenth Circuit in *Shawl* adopted the standard that a § 1981 contracts clause claim requires "actual loss of a contract." 17 F. App'x at 911. Subsequently, as previously discussed, that standard has been interpreted to mean that a plaintiff must be prevented from entering into a contract. *Myles,* 2023 WL 5334647, at *4. Plaintiff does not attempt to distinguish these cases or cite persuasive authority that demonstrates the Tenth

Circuit's standard is unlawful or contrary to the statutory language. Instead, Plaintiff puts forth a conclusory statement that the Tenth Circuit and its district courts are simply following outdated precedent that is contrary to the statutory language. Moreover, Plaintiff fails to proffer an argument that the use of a restroom before completing a retail purchase qualifies as a benefit, privilege, term, or condition of a contractual relationship in the retail setting. Hence, Plaintiff's alternative argument fails to defeat Defendants' argument that she failed to sufficiently plead a § 1981(b) claim.

### IV. Conclusion

THEREORE, Defendants' motion for dismissal of Plaintiff's 42 U.S.C. § 1981 claim is GRANTED. Additionally, because Plaintiff's federal law claim—for which the court had original jurisdiction—is now dismissed, pursuant to 28 U.S.C. § 1367(c)(3), the court DECLINES to exercise supplemental jurisdiction over Plaintiff's Kansas Act Against Discrimination claim so it is also DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED. Dated this 31st day of January, 2025.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE